UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ROBERT J. GIGNAC,                              Case No. 06-42872
                                                                     Chapter 7
                                                                       Hon. Marci B. McIvor
                   Debtor.
_____/

STUART GOLD, Trustee,

                   Plaintiff,

v.                                                                         Adv. Proc. 06-4456

SHIRLEY A. GIGNAC, Individually;
SHIRLEY A. GIGNAC, as Trustee of
the Shirley A. Gignac Living Trust
dated March 13, 1995, as amended;
FREDERICK GIGNAC; and GIGNAC
FAMILY INVESTMENTS, LLC,

                   Defendants.
_____/

<u>OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST
FOR A JURY TRIAL</u>

On July 25, 2006, the Court held a scheduling conference on this matter. At that scheduling conference, the Court set a hearing on the issue of whether Defendants are entitled to a jury trial for this case. On January 23, 2007, the Court heard oral argument on the jury trial issue. For the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART, Defendants' Request for a Jury Trial. Specifically, this Court GRANTS Defendants' Request for a Jury Trial with respect to Count XII of Plaintiff's Third Amended Complaint and DENIES Defendants' Request for all other

Counts.

I.

FACTUAL BACKGROUND

On June 15, 2004, judgment creditors Charles and Dixie Klick (the "Klicks") filed a complaint against Robert J. Gignac ("Debtor"), Shirley Gignac, Debtor's wife ("Shirley"), and Gignac Family Investments, LLC, a Michigan limited liability company ("GFI")(together known as the "State Court Defendants"), in the Wayne County Circuit Court, Case No. 04-418087-CZ (the "State Court Action"). In the State Court Action, the Klicks sought to avoid as fraudulent numerous asset transfers from Debtor to GFI and Shirley.

On March 13, 2006, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On March 16, 2006, the State Court Action was removed to this Court. On April 10, 2006, Trustee was substituted in as the Plaintiff, in the place of the Klicks. On June 8, 2006, Trustee filed a Third Amended Complaint (the "Third Amended Complaint") in this Adversary Proceeding. The Third Amended Complaint added two additional Defendants, Shirley Gignac as the Trustee of the Shirley A. Gignac Living Trust and Fred Gignac.

On July 17, 2006, Defendants submitted their Jury Demand.

On July 20, 2006, the parties submitted their 26(f) Report. In it, Defendants again requested a jury for this case. The Court set a hearing on the jury demand issue for January 23, 2007. At that hearing, the Plaintiff alleged that: (1) Defendants did not properly demand a jury trial; (2) Defendants did not timely demand a jury trial; and (3)

2

as a matter of law, Defendants are not entitled to a jury trial. Defendants argue that their jury demand was proper and timely.

II.

ANALYSIS

Fed. R. Civ. P. 38, made applicable to this case by Fed. R. Bankr. P. 9015 governs cases where there is a jury trial right. Fed. R. Civ. P. 38(b) states:

> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such a demand may be indorsed upon a pleading of a party.

First, the Trustee argues that the docket entry dated July 17, 2006 stating "Jury Demand" is not a proper jury demand because it was not made in writing. This Court finds that, under this Court's Electronic Case Filing system, the jury demand was properly made. As the system is currently configured, a docket entry is a jury demand and no separate document is required.[1] The docket entry conforms with the "in writing" requirement and parties were served with notice of the docket entry.

Second, the Trustee argues that the Defendants' jury demand is not timely because it was not filed in the State Court Action pursuant to MCR 2.508(B)(1)(jury demand must be made within 28 days after the filing of an answer). The Trustee

---

[1] This procedure is under review by the Court. Currently, however, the ECF system does not accept a document titled "jury demand". The only manner in which a jury demand may be filed through ECF is in the manner it was filed by the Defendants.

3

further argues that the Trustee's Third Amended Complaint did not revive the Defendants' right to demand a jury trial because the Third Amended Complaint did not raise any new issues; it merely addressed additional fraudulent transfers.

This Court finds that a defendants right to demand a jury trial in reference to an amended complaint is only revived if the amended complaint raises new issues and claims. *In re Financial Federated Title & Trust, Inc.*, 309 F.3d 1325 (11th Cir. 2002); *Moore v. United States*, 196 F.2d 906 (5th Cir. 1952). Therefore, it is necessary to determine whether the Third Amended Complaint raises any jury issues not found in the July 22, 2005 State Court Complaint (entitled "Second Amended Supplemental Complaint").

In this case, the State Court Second Amended Supplemental Complaint contains three counts. The first two counts allege actual fraud (Count I) and constructive fraud (Count II) under the Uniform Fraudulent Transfer Act (MCL 556.31 *et seq)* with respect to the transfer of approximately $900,000. Counts I-VIII, Count XI, and Count XIII of the Third Amended Complaint allege the same fraudulent conveyance causes of action alleged in the State Court Complaint. Counts I-VIII and Count XI of the Amended Complaint do not allege any new legal theories nor do they substantially alter the dollar amount of the relief requested.[2] Because the Third Amended Complaint raises no new issues in Counts I-VIII, Count XI, and Count XIII, Defendants waived their right to a jury

---

[2] The Third Amended Complaint added as a Defendant Shirley Gignac as Trustee of the Shirley Gignac Living Trust. The allegations against Shirley Gignac as Trustee, however, are essentially the same as the allegations against Shirley Gignac in the State Court Complaint. The allegations all relate to the transfer by Robert Gignac of assets so as to make the assets judgment-proof.

4

trial when they failed to request a jury trial in a timely fashion in state court with regard to those Counts.

Counts IX and X of the Third Amended Complaint, which relate to the alleged fraudulent transfer of real property, contain allegations which were not present in the Second Amended Supplemental Complaint. However, because Counts IX and X relate to the transfer of real property, the relief requested is equitable in nature. *Treinish v. Glazer (In re Glazer)*, 248 B.R. 528, 532 (Bankr. N.D. Ohio 2000)("action to recover for an alleged fraudulent transfer of real property generally is a creature of equity for which there is no right to jury trial."); *Campena v. Pilavis (In re Pilavis)*, 228 B.R. 808 (Bankr. D. Mass. 1999). Therefore, even though Counts IX and X are new, they are fundamentally equitable rather than legal and, thus, Defendants have no right to a jury trial on those Counts.

The only count of the Amended Complaint which revives Defendant's right to a jury trial is Count XII of the Third Amended Complaint. Count XII adds a new Defendant, Fred Gignac, and Count XII seeks money damages to the extent that he was the beneficiary of funds fraudulently transferred into the Gignac Family Trust. Because the State Court Complaint did not plead any cause of action against Fred Gignac, and because the Third Amended Complaint seeks money damages, Defendant Fred Gignac is entitled to a jury trial with regards to Count XII of Plaintiff's Complaint.

III.

CONCLUSION

5

To hasten resolution of this matter, this Court will first hold a bench trial to determine whether all the transfers between the various trusts are fraudulent conveyances. If the Trustee prevails, this Court will hold a jury trial on the issue of whether Fred Gignac was a beneficiary of the fraudulent transfers, whether he is liable as a beneficiary and, if so, for what amounts.

**Signed on February 15, 2007**

                                            /s/ Marci B. McIvor
                                            **Marci B. McIvor**
                                            **United States Bankruptcy Judge**